Filed 4/21/26  Mary R. v. Peter V. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MARY R.,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>PETER V.,<br><br>     Defendant and Appellant. | G064650<br><br>(Super. Ct. No. 30-2024-01403291)<br><br>O P I N I O N |

            Appeal from an order of the Superior Court of Orange County, Mena Guirguis, Judge. Dismissed.

            Charles A. Swartz for Defendant and Appellant.

            Mary R., in pro. per., for Plaintiff and Respondent.

Peter V. appeals from a civil harassment restraining order prohibiting him from contacting his neighbor, Mary R. Because the restraining order has expired and the record does not reflect any request for renewal, we dismiss the appeal as moot.

FACTS

The animosity between the parties arose from Mary's placement of her trash cans and from her dogs allegedly being off leash. This prompted Peter to repeatedly yell profanities at her and use a leaf blower to move debris onto her property.

Mary filed a petition for a civil harassment restraining order against Peter in June 2024. (Code Civ. Proc., § 527.6.) After hearing the parties' testimony and considering video evidence of Peter's conduct, the trial court found he had engaged in a knowing and willful course of conduct to annoy or harass Mary. The court therefore issued a civil harassment restraining order requiring Peter to stay away from Mary and her husband until June 4, 2025.

Peter filed a motion for reconsideration, which the trial court denied. He then filed this appeal, challenging both the restraining order and the denial of his reconsideration motion.

While his appeal was pending, Peter filed a motion in the trial court to terminate the restraining order. The trial court granted his motion,

2

which was unopposed, and terminated the order effective April 25, 2025. As best we can tell, neither party has sought to renew the restraining order.[1]

DISCUSSION

An appeal from a civil restraining order is generally rendered moot when it is extinguished by its own terms before an appellate decision is issued. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495.) An appellate court has discretion to consider the merits of a moot appeal, however, if the parties' controversy may recur, if the case involves an issue of broad public interest that is likely to recur, or if a material question remains for determination. (*Ibid*.)

In this case, the challenged restraining order was terminated in April 2025, before this appeal was even fully briefed. The appeal is therefore moot. Further, the conflict here is not likely to recur. Indeed, Peter concedes Mary sold her house and moved out of the neighborhood in October 2024.

Peter insists we should nevertheless reach the merits because the case involves an issue of broad public interest: namely, Mary repeatedly lied under oath to obtain the restraining order. This argument demonstrates a fundamental misunderstanding of our role. In reviewing a civil restraining order, we do not reweigh the evidence, but instead must give deference to the trial court's credibility determinations and resolution of evidentiary conflicts, viewing the record in the light most favorable to the prevailing party. (*E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 699.) The trial court here evidently credited Mary's evidence over that of other witnesses, and we defer to that

_____

[1] Because the restraining order was set to expire while this appeal was pending, we asked the parties for supplemental briefing on whether we should take judicial notice of the trial court's file and whether Peter's appeal should be dismissed as moot. Peter agreed we should take judicial notice of the trial court's record but asserted the appeal is not moot.

determination. (See *Newman v. Casey* (2024) 99 Cal.App.5th 359, 378 [affirming restraining orders, noting "'We review a cold record and, unlike a trial court, have no opportunity to observe the appearance and demeanor of the witnesses'"].)[2]

Peter alternatively argues we should reach the merits because a material question remains to be determined: whether he can recover the attorney fees he incurred in defending against a restraining order that, according to Peter, was wrongly issued without clear and convincing evidence. (See Code Civ. Proc., § 527.6, subd. (s).) However, Peter's failure to provide a complete record prevents us from reviewing the merits of the challenged order. In issuing the order, the trial court relied in large part on a video that evidently showed Peter blowing debris onto Mary's property. As that video is not in the record, any meaningful review of the court's ruling is precluded.

---

[2] Peter also asserts he still has exposure to criminal charges. However, we see nothing in the record to suggest the district attorney is pursuing such charges, and given that nearly two years have elapsed since the parties' dispute, this seems very unlikely.

## DISPOSITION

The appeal is dismissed. Mary is awarded costs her on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.